108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith MAYDAK, Plaintiff-Appellant,
v.
SEAFIRST, Defendant-Appellee.
 No. 96-35660.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Keith Maydak appeals pro se the district court's summary judgment in favor of Seattle-First National Bank (SeaFirst) in Maydak's action under the Consumer Credit Protection Act, 15 U.S.C. § 1643, seeking a declaratory judgment that he is not responsible for charges on a SeaFirst credit card account issued to "Keith Maidak" and "Richard Fibb" and in SeaFirst's counterclaim against Maydak for breach of contract and fraud. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.
 
 
 3
 Maydak contends that the district court erred by granting summary judgment for SeaFirst on Maydak's declaratory judgment action and SeaFirst's counterclaim because a genuine issue of material fact remained as to whether Maydak applied for the credit card or authorized the charges.
 
 
 4
 We review de novo a district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Summary judgment will be granted if the moving party establishes that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The nonmoving party has the subsequent burden of presenting specific, significant probative evidence to support its claim that genuine issues of material fact remain. Id. at 250.
 
 
 5
 "In any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use was authorized." 15 U.S.C. § 1643(b). Unauthorized use is "use of a credit card by a person other than the cardholder who does not have actual, implied, or apparent authority for such use." 15 U.S.C. § 1602(o).
 
 
 6
 First, in support of their motion for summary judgment on Maydak's declaratory judgment claim, SeaFirst submitted copies of criminal records which establish that Maydak was convicted of wire fraud, mail fraud, money laundering, and access device fraud under the following names: "KEITH MAYDAK, a/k/a, Richard Fibb, a/k/a, Glenn David, a/k/a, Keith Maidak, a/k/a Richard Figg." SeaFirst also submitted the affidavits of two employees, one of whom states that SeaFirst closed the account in question after SeaFirst received a check drawn on a closed account and was informed that the bank suspected that Keith Maidak and Richard Fibb were the same person.
 
 
 7
 Maydak concedes, and the record reflects, that he did not submit any evidence in opposition to SeaFirst's motion for summary judgment. Because the evidence supports Maydak's liability for the credit card account and because he submitted no contradictory evidence, the district court did not err by granting summary judgment for SeaFirst on Maydak's declaratory judgment claim. See Bagdadi, 84 F.3d at 1197.
 
 
 8
 Second, in support of SeaFirst's motion for summary judgment on the counterclaim against Maydak for breach of contract and fraud, SeaFirst submitted a supplemental affidavit and copies of monthly statements for the account. In opposition, Maydak submitted his own declaration which states that he never read, reviewed, received, or accepted the credit card agreement and that he did not authorize any of the charges made on the account.[1] Because the burden of proof is on the card issuer to show that the charges were authorized, see 15 U.S.C. § 1643(b), and because Maydak stated in his affidavit that he did not authorize any of the charges at issue, a genuine issue of material fact remains as to whether or not Maydak authorized the credit card charges. Accordingly, the district court erred by granting summary judgment for SeaFirst on the counterclaim for fraud and breach of contract. See Bagdadi, 84 F.3d at 1197.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.[2]
 
 
 10
 Each party shall bear its own costs on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Maydak's motion to take notice of a typographical error in the excerpts of record is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject SeaFirst's argument that Maydak's affidavit was untimely. The record reflects that the affidavit was a timely response to SeaFirst's motion for summary judgment on the counterclaim
 
 
 [2]
 We have considered, and we reject, Maydak's contention that because the district court order contains a typographical error concerning the summary judgment standard, the district court applied the wrong standard. The record reflects that the district court applied the correct standard. Even if the district court had applied an incorrect standard, because we review de novo, see Bagdadi, 84 F.3d at 1197, such error would be harmless, see Ratanasen v. California Dep't of Health Servs., 11 F.3d 1467, 1469 (9th Cir.1993)